UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Liang CHEN,<br><br>                               Petitioner,<br><br>v.<br><br>Christopher LaROSE, et al.,<br><br>                               Respondents. | Case No.: 26-cv-0462-AGS-BLM<br><br>**ORDER REQUIRING RETURN** |

Petitioner Liang Chen seeks a writ of habeas corpus under 28 U.S.C. § 2241 challenging his immigration detention. At this stage, he need only make out a claim that is sufficiently cognizable to warrant a response. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id*., Rule 1(b) (permitting application of Rules Governing Section 2254 Cases to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id.*

In 2019, Chen, "a Chinese national," entered the United States and was "released from immigration custody on bond." (ECF 1, at 2.) Respondents "re-arrested" him in December 2025, and he "is currently detained." (*Id.*) Chen challenges the government's decision to subject him to mandatory detention under "8 U.S.C. § 1225," which applies to applicants for admission. (*Id.* at 4.) He asserts that his case is instead governed by "8 U.S.C. § 1226"—which authorizes release on bond or conditional parole—because he is not an applicant for admission. (*Id.*) This statutory misclassification, he argues, renders his detention "unlawful." (*Id.* at 3.)

This challenge has sufficient potential merit to warrant a response. Functionally identical cases across the country have succeeded, including a class action dealing with

this very question. *See Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025) (class action final judgment); *Barco Mercado v. Francis*, ___ F. Supp. 3d. ___, No. 25-cv-6582 (LAK), 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (noting that, in "350" of the "362" opinions to address this issue, the petitioners "prevailed, either on a preliminary or final basis," and these cases were "decided by over 160 different judges sitting in about fifty different courts"); *Mosqueda v. Noem*, No. 5:25-cv-02304 CAS (BFM), 2025 WL 2591530, at *5 (C.D. Cal. Sept. 8, 2025) ("[P]etitioners are likely to succeed on the merits of their claims because section 1226(a), not section 1225(b)(2), likely governs their detention."); *Vazquez v. Feeley*, No. 2:25-cv-01542-RFB-EJY, 2025 WL 2676082, at *11 (D. Nev. Sept. 17, 2025) (same); *Rodriguez v. Bostock*, No. 3:25-cv-05240-TMC, 2025 WL 2782499, at *1 (W.D. Wash. Sept. 30, 2025) ("[T]he government's position belies the statutory text of the INA, canons of statutory interpretation, legislative history, and longstanding agency practice.").

Recently, respondents have routinely conceded these claims when brought by those who are in petitioner's position. So, by **Friday, January 30, 2026**, the government is ordered to file a brief stating whether it: (1) agrees he is detained under 8 U.S.C. § 1226 and (2) intends to concede his right to a bond hearing under that authority. If respondents do not concede, they must answer the petition by February 3, 2026.

Dated:  January 27, 2026

Hon. Andrew G. Schopler
United States District Judge